# UNITED STATES DISTRICT COURT
### District of New Mexico

| | |
|---|---|
| UNITED STATES OF AMERICA<br>V.<br>**Warren Eric Jackson** | **Amended Judgment in a Criminal Case - Reason:**<br>(For **Revocation** of Probation or Supervised Release)<br>**Correction of Sentence for Clerical Mistake (Fed.R.Crim.P. 36)**<br><br>Case Number:  **1:07CR00886-002JB**<br>USM Number: **40136-051**<br>Defense Attorney: **Susan Dunleavy, Appointed** |

THE DEFENDANT:

☒  admitted guilt to violations of condition(s)  **MC, Special**  of the term of supervision.
☐  was found in violation of condition(s)    after denial of guilt.

The defendant is adjudicated guilty of these violations:

| Violation Number | Nature of Violation | Violation Ended |
|---|---|---|
| 1 | MC - The defendant failed to refrain from any unlawful use of a controlled substance and failed to submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter as directed by the probation officer. | 05/16/2011 |

The defendant is sentenced as provided in pages 1 through **6** of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐  The defendant has not violated condition(s)    and is discharged as to such violation(s).

IT IS FURTHER ORDERED that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

| | |
|---|---|
| **1044**<br>Last Four Digits of Defendant's Soc. Sec. No. | **December 5, 2011**<br>Date of Imposition of Judgment |
| **1962**<br>Defendant's Year of Birth | **/s/ James O. Browning**<br>Signature of Judge |
| **Albuquerque, NM**<br>City and State of Defendant's Residence | **Honorable James O. Browning**<br>**United States District Judge**<br>Name and Title of Judge |
| | **January 23, 2012**<br>Date Signed |

AO 245D (Rev. 12/10) Sheet 1 Judgment in a Criminal Case for Revocations Sheet 1A                                                                                                                  Judgment Page 2 of 6

Defendant: **Warren Eric Jackson**
Case Number: **1:07CR00886-002JB**

## ADDITIONAL VIOLATIONS

| *Violation Number* | *Nature of Violation* | *Violation Ended* |
|---|---|---|
| 2 | Special - The defendant failed to participate and successfully complete a substance abuse treatment program which may include drug testing, outpatient counseling, or residential placement. The defendant obstructed or attempted to obstruct or tamper, in any fashion, with the collection, efficiency and accuracy of any substance testing devise or procedure. The defendant may be required to pay a portion of the cost of treatment and/or drug testing as determined by the Probation Office. | 05/04/2011 |

Defendant: **Warren Eric Jackson**
Case Number: **1:07CR00886-002JB**

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **9 days or time served** .

On June 10, 2008, the Court sentenced Defendant Warren Eric Jackson to a sentence of 30-months imprisonment for violation of 21 U.S.C. § 841(b)(1)(B), that being possession with intent to distribute more than five grams of a mixture and substance containing cocaine base. See Judgment in a Criminal Case at 1, filed June 10, 2008 (Doc. 80)("Judgment"). The Court imposed a term of 4-years supervised release. See Judgment at 2. One of the mandatory conditions of supervised release with which Jackson had to comply was as follows: "The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer." Judgment at 3. One of the special conditions of supervised release was as follows: "The defendant must participate in and successfully complete a substance abuse treatment program which may include drug testing, outpatient counseling, or residential placement." Judgment at 4. On May 20, 2011, the United States Probation Office ("USPO") filed a Petition for Revocation of Supervised Release on the basis that Jackson had violated these conditions. See Doc. 105, at 1-2 ("Petition"). It asserted that Jackson had violated this mandatory condition by submitting a urine drug sample on May 16, 2011 that tested positive for cocaine. See Petition at 1. The USPO contends that Jackson violated this special condition by failing to submit to random drug testing. See Petition at 2.

Jackson asks the Court to not revoke his term of supervised release and to impose a sentence of time served. Plaintiff United States of America agreed to this sentence at the revocation hearing on December 5, 2011. At the revocation hearing, Jackson admitted to violating these two conditions of supervised release. Because Jackson has violated a term of his supervised release, his violation is a Grade C violation pursuant to U.S.S.G. § 7B1.1(a)(3). Pursuant to application note 1 to U.S.S.G. § 7B1.4, Jackson`s criminal history category is the criminal history category he had at the time of his original sentence to a term of supervision, which is a criminal history category of I. See Memorandum Opinion and Order at 3, filed June 10, 2008 (Doc. 79). A Grade C violation and a criminal history category of I yields a guideline imprisonment range of 3 to 9 months.

The Court finds Jackson violated the conditions of supervision by using cocaine and failing to submit to random drug testing. The Court has carefully considered the parties` arguments and the circumstances of this case. The Court has reviewed the violation report and the factors set forth in 18 U.S.C. § 3553(a). The Court has considered the guideline range for the applicable category of violation committed by the applicable category of defendant. The Court believes that the punishment that the guidelines set forth is not appropriate for Jackson`s violations. The Court agrees with the parties that a sentence of 9 days or time served, whichever is less, is sufficient to reflect the seriousness of the violations.

The Court has considered the guidelines, but, in arriving at its sentence, has taken into account not only the guidelines but other sentencing goals. This sentence adequately reflects the seriousness of the violation, promotes respect for the law, provides just punishment, affords adequate deterrence, protects the public, avoids unwarranted sentencing disparities among similarly situated defendants, and otherwise fully reflects each of the factors embodied in 18 U.S.C. § 3553(a). On the scale of violations, which include committing additional offenses while on supervised release, these violations are some of the least serious a defendant can commit. For those reasons, the sentence adequately reflects the seriousness of the violation and promotes respect for the law. Because Jackson will remain on supervised release and the USPO will continue to monitor his drug use, the Court believes the sentence provides just punishment and affords adequate deterrence, both specifically to Jackson and to the public generally. Because the USPO will continue to monitor Jackson on supervised release to ensure his transition back to life in society, the Court believes the sentence protects the public. Because of the non-serious nature of the violations and that revocation of supervised release is not mandatory for these violations, the Court believes this sentence does not promote unwarranted sentencing disparities among similarly situated defendants. While the Court`s task, as a district court, is not to arrive at a reasonable sentence -- it is to come up with one that reflects the factors in 18 U.S.C. § 3553(a), see United States v. Conlan, 500 F.3d 1167, 1169 (10th Cir. 2007)("[A] district court`s job is not to impose a reasonable sentence. Rather, a district court`s mandate is to impose a sentence sufficient, but not greater than necessary, to comply with the purposes of section 3553(a)(2)." (citation omitted)) -- the Court believes this sentence is reasonable. And perhaps most important in this calculation, the Court believes that this sentence is sufficient without being greater than necessary to comply with the purposes of punishment Congress set forth in the Sentencing Reform Act of 1984, Pub. L. No. 98-473, 98 Stat. 1987 (codified as amended in scattered sections of 18 U.S.C.). The Court sentences Jackson to a sentence of 9 days or time served, whichever is less.

☐     The court makes these recommendations to the Bureau of Prisons:

☒     The defendant is remanded to the custody of the United States Marshal.
☐     The defendant shall surrender to the United States Marshal for this district:
         ☐    at  on
         ☐    as notified by the United States Marshal.
☐     The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
         ☐    before 2 p.m. on
         ☐    as notified by the United States Marshal
         ☐    as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:



Defendant delivered on _____ to
_____ at _____ with a certified copy of this judgment.

UNITED STATES MARSHAL

By

DEPUTY UNITED STATES MARSHAL

AO 245D (Rev. 12/10) Judgment in a Criminal Case for Revocations
Sheet 3 Supervised Release

Judgment Page 5 of 6

Defendant: **Warren Eric Jackson**
Case Number: **1:07CR00886-002JB**

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **2 years** .

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.
The defendant shall not commit another federal, state, or local crime.
The defendant shall not unlawfully possess a controlled substance.
The defendant shall refrain from any unlawful use of a controlled substance.
The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

- ☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)
- ☒ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable).
- ☒ The defendant shall cooperate in the collection of DNA as directed by statute. (Check, if applicable).
- ☐ The defendant shall register with the state, local, tribal and/or other appropriate sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)
- ☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable)

If this judgment imposes a fine or a restitution, it is to be a condition of supervised release that the defendant pay in accordance with Criminal Monetary Penalties sheet of this judgment.
The defendant shall comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

### STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

AO 245D (Rev. 12/10) Judgment in a Criminal Case for Revocations  
Sheet 3C Supervised Release

Judgment Page 6 of 6

Defendant: **Warren Eric Jackson**  
Case Number: **1:07CR00886-002JB**

## SPECIAL CONDITIONS OF SUPERVISION

**The defendant shall not possess, have under his control, or have access to any firearm, ammunition, explosive device, or other dangerous weapons, as defined by federal, state, or local law.**

**The defendant must participate in and successfully complete an outpatient substance abuse treatment program, which may include testing, as approved by the probation officer. The defendant is prohibited from obstructing or attempting to obstruct or tamper, in any fashion, with the collection, efficiency and accuracy of any substance abuse testing device or procedure. The defendant may be required to pay a portion of the cost of treatment and/or drug testing as determined by the Probation Office.**

**The defendant must submit to a search of his person, property, or automobile under his control to be conducted in a reasonable manner and at a reasonable time, for the purpose of detecting controlled substances at the direction of the probation officer. He must inform any residents that the premises may be subject to a search.**

**The defendant must refrain from the use and possession of alcohol and other forms of intoxicants.**

**The defendant must participate in and successfully complete an outpatient mental health treatment program as approved by the probation officer. The defendant may be required to pay a portion of the cost of this treatment as determined by the Probation Office.**

**The defendant shall have no contact with the co-defendant in this case.**