# UNITED STATES DISTRICT COURT
### District of New Mexico

| | |
|---|---|
| UNITED STATES OF AMERICA<br>V.<br>**Warren Eric Jackson** | **Judgment in a Criminal Case**<br>(For **Revocation** of Probation or Supervised Release)<br><br>Case Number:  **1:07CR00886-002JB**<br>USM Number: **40136-051**<br>Defense Attorney: **John Butcher, Appointed** |

THE DEFENDANT:

☒  admitted guilt to violations of condition(s)  **MC, Special**  of the term of supervision.
☐  was found in violation of condition(s)    after denial of guilt.

The defendant is adjudicated guilty of these violations:

| Violation Number | Nature of Violation | Violation Ended |
|---|---|---|
| 1 | MC - The defendant failed to refrain from any unlawful use of a controlled substance and failed to submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter as directed by the probation officer. | 01/15/2012 |

The defendant is sentenced as provided in pages 1 through **4** of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐  The defendant has not violated condition(s)    and is discharged as to such violation(s).

IT IS FURTHER ORDERED that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

| | |
|---|---|
| **1044**<br>Last Four Digits of Defendant's Soc. Sec. No. | **March 1, 2012**<br>Date of Imposition of Judgment |
| **1962**<br>Defendant's Year of Birth | **/s/ James O. Browning**<br>Signature of Judge |
| **Albuquerque, NM**<br>City and State of Defendant's Residence | **Honorable James O. Browning**<br>**United States District Judge**<br>Name and Title of Judge |
| | **March 16, 2012**<br>Date Signed |

AO 245D (Rev. 12/10) Sheet 1 Judgment in a Criminal Case for Revocations Sheet 1A    Judgment Page 2 of 4

Defendant: **Warren Eric Jackson**
Case Number: **1:07CR00886-002JB**

## ADDITIONAL VIOLATIONS

| Violation Number | Nature of Violation | Violation Ended |
|---|---|---|
| 2 | Special - The defendant failed to participate and successfully complete a substance abuse treatment program which may include drug testing, outpatient counseling, or residential placement. The defendant obstructed or attempted to obstruct or tamper, in any fashion, with the collection, efficiency and accuracy of any substance testing device or procedure. | 01/07/2012 |

AO 245D (Rev. 12/10) Judgment in a Criminal Case for Revocations
Sheet 2 Imprisonment
Judgment Page 3 of 4

Defendant: **Warren Eric Jackson**
Case Number: **1:07CR00886-002JB**

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **32 days or time served, whichever is less** .

On June 10, 2008, the Court sentenced Defendant Warren Eric Jackson to a sentence of 30-months imprisonment for violation of 21 U.S.C. § 841(b)(1)(B), that being possession with intent to distribute more than five grams of a mixture and substance containing cocaine base. See Judgment in a Criminal Case at 1, filed June 10, 2008 (Doc. 80)("Judgment"). The Court also imposed a term of 4-years supervised release. See Judgment at 2. One of the mandatory conditions of supervised release with which Jackson had to comply was as follows: "The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer." Judgment at 3. One of the special conditions of supervised release was as follows: "The defendant must participate in and successfully complete a substance abuse treatment program which may include drug testing, outpatient counseling, or residential placement." Judgment at 4. On January 20, 2012, the United States Probation Office ("USPO") filed a Petition for Revocation of Supervised Release on the basis that Jackson had violated these conditions. See Doc. 123 ("Petition"). It asserts that Jackson violated the mandatory condition by submitting a urine drug sample on January 15, 2012, that tested positive for the presence of a cocaine metabolite. See Petition at 1. The USPO contends that Jackson violated the special condition by failing to submit to random drug testing on January 7, 2012. See Petition at 2.

Jackson asks the Court not to revoke his term of supervised release and to impose a sentence of time served. Plaintiff United States of America asserted, at the revocation hearing on March 1, 2012, that it seeks a sentence at the bottom of the advisory guideline range. At the revocation hearing, Jackson admitted to violating these two conditions of supervised release. Because Jackson has violated a term of his supervised release, his violation is a Grade C violation pursuant to U.S.S.G. § 7B1.1(a)(3). Pursuant to application note 1 to U.S.S.G. § 7B1.4, Jackson`s criminal history category is the criminal history category he had at the time of his original sentence to a term of supervision, which is a criminal history category of I. See Memorandum Opinion and Order at 3, filed June 10, 2008 (Doc. 79). A Grade C violation and a criminal history category of I yields a guideline imprisonment range of 3 to 9 months. Revocation is not mandatory for these violations.

The Court finds Jackson violated the conditions of supervision by using cocaine and failing to submit to random drug testing. The Court has carefully considered the parties` arguments and the circumstances of this case. The Court has reviewed the violation report and the factors set forth in 18 U.S.C. § 3553(a). The Court has considered the guideline range for the applicable category of violation committed by the applicable category of defendant. The Court believes that the punishment that the guidelines set forth is not appropriate for Jackson`s violations. The Court concludes that a sentence of 32 days or time served, whichever is less, is sufficient to reflect the seriousness of the violations.

The Court has considered the guidelines, but, in arriving at its sentence, has taken into account not only the guidelines but other sentencing goals. This sentence adequately reflects the seriousness of the violations, promotes respect for the law, provides just punishment, affords adequate deterrence, protects the public, avoids unwarranted sentencing disparities among similarly situated defendants, and otherwise fully reflects each of the factors embodied in 18 U.S.C. § 3553(a). On the scale of violations, which include committing additional offenses while on supervised release, these violations are some of the least serious a defendant can commit. For those reasons, the sentence adequately reflects the seriousness of the violations and promotes respect for the law. The Court is concerned that Jackson has now committed several violations of his terms of supervised release. Nevertheless, if the Court sentences Jackson to a more significant term of incarceration, he will likely lose some of the veteran`s benefits he currently enjoys. If that occurs, Jackson might lose those benefits for a long period of time, which could further disrupt his rehabilitation on supervised release. All of Jackson`s mental issues may not have been properly addressed up until this time as well. Given Jackson`s unique circumstances, the Court believes the sentence provides just punishment and affords adequate deterrence, both specifically to Jackson and to the public generally. Jackson`s situation is in many ways a sad one and reflects the difficulties people face during rehabilitation. Because the USPO will continue to monitor Jackson on supervised release to ensure his transition back to life in society, and because Jackson has a relatively minor criminal history, the Court believes the sentence protects the public. Because of the non-serious nature of the violations and because revocation of supervised release is not mandatory for these violations, the Court believes this sentence does not promote unwarranted sentencing disparities among similarly situated defendants. While the Court`s task, as a district court, is not to arrive at a reasonable sentence -- it is to come up with one that

reflects the factors in 18 U.S.C. § 3553(a), see United States v. Conlan, 500 F.3d 1167, 1169 (10th Cir. 2007)("[A] district court`s job is not to impose a reasonable sentence. Rather, a district court`s mandate is to impose a sentence sufficient, but not greater than necessary, to comply with the purposes of section 3553(a)(2)." (citation omitted)) -- the Court believes this sentence is reasonable. And perhaps most important in this calculation, the Court believes that this sentence is sufficient without being greater than necessary to comply with the purposes of punishment Congress set forth in the Sentencing Reform Act of 1984, Pub. L. No. 98-473, 98 Stat. 1987 (codified as amended in scattered sections of 18 U.S.C.). The Court sentences Jackson to a sentence of 32 days or time served, whichever is less.

☐ The court makes these recommendations to the Bureau of Prisons:

☒ The defendant is remanded to the custody of the United States Marshal.
☐ The defendant shall surrender to the United States Marshal for this district:
    ☐ at  on
    ☐ as notified by the United States Marshal.
☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
    ☐ before 2 p.m. on
    ☐ as notified by the United States Marshal
    ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to
_____ at _____ with a certified copy of this judgment.

UNITED STATES MARSHAL

By
DEPUTY UNITED STATES MARSHAL